Farah P. Bhatti (SBN 218633)
Lauren A. Deeb (SBN 234143)
Baker & Hostetler LLP
600 Anton Boulevard
Suite 900
Costa Mesa, CA 92626-7221
Telephone:   714.754.6600
Facsimile:   714.754.6611
Email:        fbhatti@bakerlaw.com
Email:        ldeeb@bakerlaw.com

Attorneys for Plaintiff,
HAAS AUTOMATION, INC.

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Haas Automation, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN BEAL also known as Jon Beal, an individual, MY WANDERING STAR, LLC, a Delaware limited liability company, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, and VFVERTICAL.COM, and Does 1-10 inclusive, <br><br> Defendants. | Case No.:  2:14-cv-08631 <br><br> **COMPLAINT FOR VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff HAAS AUTOMATION, INC. ("Haas") alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises under Section 43 of the Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. §1125. Haas seeks injunctive relief and monetary damages.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125, as well as 28 U.S.C. §§1331, 1332, and 1338 because it involves substantial claims arising under the Lanham Act (15 U.S.C. ¶ 1051 *et seq.*).

3. Venue is properly asserted in this District under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims herein arose in this District. Additionally, Defendants regularly conduct business via the Internet in California, and as such, maintain the requisite minimum contacts to be subject to personal jurisdiction in California under 18 U.S.C. §1391(c).

4. Defendants have conducted substantial business in California for a number of years, and on information and belief, and based thereon, Haas alleges that such business includes, but is not limited to, machine sales and other transactions with California consumers.

## **PARTIES**

5. Haas is a corporation duly organized and existing under the laws of the State of California and has a principal place of business at 2800 Sturgis Road, Oxnard, California 93030. Haas is now, and for many years has been, engaged in the business of providing goods and services in the field of computer numerically controlled ("CNC") machines throughout the United States and the world.

6. Haas is one of the largest builders and manufacturers of CNC machine tools in the western world. Over the past thirty years, Haas has built a family of trademarks and service marks under which it labels, advertises, offers for sale, and sells its CNC goods and services throughout the United States and the world.

7. Haas is informed and believes, and based thereon alleges, that Defendant Jonathan Beal, (also known as "Jon Beal") is an individual residing in Florida, conducting business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

604044962.6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

8.      Haas is informed and believes, and based thereon alleges, that Defendant My Wandering Star, LLC ("My Wandering Star") is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

9.      Haas is informed and believes, and based thereon alleges, that Defendant Beal is a founder, officer, and owner of My Wandering Star.

10.      Haas is informed and believes, and based thereon alleges, that Defendant Machine Tools 24-7 may be an assumed name used by Defendant My Wandering Star, having a principal place of business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

11.      Haas is informed and believes, and based thereon alleges, that Defendant Used Haas CNC Machines may be an assumed name used by Defendant My Wandering Star, having a principal place of business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

12.      Haas is informed and believes, and based thereon alleges that Defendant VFMachines.com may be an assumed name used by Defendant My Wandering Star, having a principal place of business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

13.      Haas is informed and believes, and based thereon alleges that Defendant VFVertical.com may be an assumed name used by Defendant My Wandering Star, having a principal place of business at 11009 Woodland Waters Blvd., Weeki Wachee, FL 34613, and doing business in California.

14.      Haas is informed and believes, and thereon alleges, that Does 1 through 10 are the agents, successors, employees, or otherwise responsible parties for Defendants Beal, My Wandering Star, Machine Tools 24-7, Used Haas CNC Machines, VFMachines.com, and VFVertical.com (collectively, the "Defendants").

## THE HAAS MARKS

15.     Through extensive and continuous use, Haas owns numerous trademark applications, registrations, and common-law variations containing the term HAAS, used on and in connection with CNC machines and services, including the following:

| MARK | DATE FILED | DATE REGISTERED | REGISTRATION NUMBER | DATE OF FIRST USE |
|---|---|---|---|---|
| | 11/03/2000 | 05/28/2002 | 2573776 | 07/07/1983 |
| HAAS AUTOMATION | 11/03/2000 | 05/28/2002 | 2573775 | 07/07/1983 |
| HAAS FACTORY OUTLET | 07/27/2007 | 11/18/2008 | 3553101 | 03/01/1998 |
| HAAS FACTORY OUTLET | 7/27/2007 | 10/14/2008 | 3514894 | 03/01/1998 |
| | 12/13/2013 | 8/12/2014 | 4583626 | 09/00/1995 |
| HAAS | 12/13/2013 | 8/12/2014 | 4583627 | 07/07/1983 |
| VF | 04/11/2014 | Pending | | 09/00/1988 |

16.     The Haas registrations and applications identified in Paragraph 15 above are valid and subsisting (such marks collectively referred to as the "Haas Marks"). Haas owns all right, title, and interest in the Haas Marks.

17.     By virtue of Haas's continuous use of the marks that are subject of Registration Nos. 2,573,776; 2,573,775; 3,553,101; and 3,514,894, such marks have become incontestable pursuant to 15 U.S.C. § 1065.

18.     Since as early as July 7, 1983, Haas has continuously used, advertised, offered for sale, and sold, in interstate commerce, Haas's goods and services under the Haas Marks throughout the United States through various channels of trade, including but not limited to, the Internet and the official Haas website, http://www.haascnc.com ("Haas Website").

604044962.6

19.     Haas's actual and intended class of customers throughout the United States is end users seeking CNC machines and services.

20.     Haas has devoted substantial time, effort, and resources in the establishment of the good will, consumer recognition, and nationwide reputation of the Haas Marks.

21.     Haas has also expended significant resources to advertise its CNC goods and services under the Haas Marks, throughout the United States in multiple media, including, but not limited to, various websites and forums on the Internet as well as the Haas Website.

22.     As a result of Haas's aforementioned sales, advertising and promotion, and the high quality of its goods and services, Haas has gained an extremely large and loyal following of customers, and the Haas Marks have become well-known and famous throughout the United States, including in the State of California. Haas now owns valuable goodwill, which is symbolized by and embodied in the Haas Marks.

23.     Haas has not abandoned any of the Haas Marks.

## DEFENDANTS' WRONGFUL CONDUCT

24.     In or around February 2009, Haas learned that Defendants registered the domain name *HaasMachines.net*. Haas sent a cease and desist letter to Defendants on February 24, 2009, asserting its trademark rights and demanding transfer of the domain name to Haas. Defendants did not respond to the letter.

25.     On March 13, 2009, Haas sent a second cease and desist letter to Defendants reasserting its rights and informing Defendants that it would file a Uniform Domain-Name Resolution Policy ("UDRP") complaint if the domain was not transferred to Haas. Defendants refused to transfer the *HaasMachines.net* domain name.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

- 5 -

26.     On January 22, 2010, Haas filed a UDRP complaint with the National Arbitration Forum ("NAF") against Defendants' registration of the *HaasMachines.net* domain name.

27.     On February 16, 2010, Defendants filed a Response to the UDRP complaint, contending that they also had the right to use the *HaasMachines.net* domain name in connection with the sale of Haas machine tools and used Haas machines. Defendants admitted that they used the "Haas" mark in the *HaasMachines.net* domain name to attract consumers to their website to sell not only used Haas machines, but also the machines of Haas's competitors. Defendants also stated that they had "No intention to stop selling Used Haas Machine Tools through the HaasMachines.net domain name and will use any and all means at our disposal to promote the machines we have for sale."

28.     The National Arbitration Forum decided in favor of Haas on March 12, 2010, and ordered transfer of the domain name *HaasMachines.net* to Haas. In its Decision (attached hereto as <u>Exhibit A</u>), the NAF concluded that the domain name was confusingly similar to Haas's trademarks, that Haas had not authorized Defendants to use the Haas trademarks, that Defendants were not commonly known by the domain names and had no rights to use the same, that the website confused the public as to the origin, sponsorship and connection with Haas, and that the domain name was registered in bad faith.

29.     Even after the National Arbitration Forum found against Defendants in the first UDRP, Defendants were not deterred from continuing to register infringing domain names. On March 16, 2010, Defendants registered the domain name *UsedHaasMachines.com.* Haas filed a UDRP complaint with the National Arbitration Forum with regard to this domain name on September 1, 2011.

30.     Defendants filed a response to the UDRP Complaint on September 27, 2011, specifically stating that they have "no intention of giving up on our main business model and the domain in question simple [sic.] because Complainant

- 6 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

[Haas] does not do a good job of securing they [sic.] name in the marketplace. Respondent has sold Used Haas Machines for over fifteen [15] years and plans to continue to do so into the future." It is clear, from these statements of Defendants, that they have no intention of ever ceasing their infringing activities.

31.     Defendants also admitted that they used the Haas trademark in the domain name because the term is popular with customers. Thus, Defendants are profiting from the goodwill of Haas.

32.     On October 19, 2011, the National Arbitration Forum issued a decision in favor of Haas and ordered transfer of the domain name ***UsedHaasMachines.com*** to Haas (attached hereto as <u>Exhibit B</u>). In its findings, the panel found that the domain name was confusingly similar as the trademark, HAAS, is owned by Haas and the terms "used" and "machines" are generic/descriptive terms. In addition, the panel found that Defendants' use of a confusingly similar domain name to sell goods that compete with those of Haas was not a bona fide offering of goods/services and is also not a legitimate noncommercial fair use. Moreover, the panel found there was no evidence that Haas permitted, licensed, or otherwise sanctioned the Defendants' use of the Haas marks in the domain name. Lastly, based on the previous UDRP decision against Defendants, the panel stated that it found it very difficult to find any reason to establish that Defendants had any legitimate rights to use the Haas trademark and that the Defendants were using the same tactics employed in the past that were previously found to violate Haas's rights.

33.     In or around December, 2011, Haas learned that Defendants had registered several additional infringing domain names in April, 2011 as follows: ***UsedHaasCNC.Co, UsedHaasCNC.Info, UsedHaasCNC.Net, UsedHaasCNCMachine.Info, UsedHaasCNCMachine.Net, UsedHaasCNCMachines.Co, UsedHaasCNCMachines.Info*** and ***UsedHaasCNCMachines.Net***. Scott Melamed, Director of International Marketing

of Haas Automation, called Defendants directly to discuss their continued infringing activities and registration of infringing domain names. On December 1, 2011, Defendant Beal memorialized the conversation with Mr. Melamed and stated that "[as] we discussed, this 'Domain Name Chase' has turned into a royal pain for both of us." However, Defendants would not agree to transfer the infringing domain names to Haas unless Haas provided Defendants with search engine optimization ("SEO") placement services so as to allow Defendants to "keep our dominance in the search engines to sell used Haas machines." A true and correct copy of Beal's December 1, 2011 correspondence is attached hereto as <u>Exhibit C</u>.

34.     Haas thereafter filed a UDRP complaint with the National Arbitration Forum on January 17, 2012. Defendants filed a response to the UDRP complaint that was virtually identical to the response it filed in the previous UDRP for ***UsedHaasMachines.Com***. A true and correct copy of Defendants' Response is attached hereto as <u>Exhibit D</u>. The National Arbitration Forum issued a decision in favor of Haas transferring the domain name on February 29, 2012. A true and correct copy of the February 29, 2012 decision is attached hereto as <u>Exhibit E</u>.

35.     On or around February 6, 2012, Haas learned that Defendants had registered the following domain names on January 26, 2012: ***HaasBuySell.Com, HaasBuySell.Info, HaasBuySell.Net, HaasLathe.Com, HaasMachine.Net, HaasMachineTools.Net, HaasVertical.Com***. Haas sent Defendants a cease and desist letter on February 9, 2012 with regard to these domain name registrations.

36.     On February 9, 2012, Defendant Beal sent a response to Haas's counsel stating that Defendants would return the domain names only if they were reimbursed for the cost of registering the same. A true and correct copy of Beal's February 9, 2012 correspondence is attached hereto as <u>Exhibit F</u>.

37.     At the same time, Beal claimed that Defendants were hiring an employee named Susan Haas who would then use her own name (Haas) to sell Haas machine tools. *Id.*

- 8 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

38.     On February 22, 2012, Haas filed a UDRP complaint with the National Arbitration Forum with regard to the following domain names: ***HaasBuySell.Com, HaasBuySell.Info, HaasBuySell.Net, HaasLathe.Com, HaasMachine.Net, HaasMachineTools.Net, HaasVertical.Com***. Defendants failed to file a response to the complaint.

39.     The National Arbitration Forum issued a decision on April 6, 2012, finding that each of the domain names at issue was confusingly similar to Haas's trademarks, that Defendants had no rights or legitimate interests in the domain names, and that the registrations were made in bad faith. Moreover, the panel found that the domain names were the designator for websites offering links to Haas's competitors or websites that offered used equipment for sale, demonstrating bad faith on the part of Defendants. The panel ordered transfer of each of the domain names to Haas on April 6, 2012. A true and correct copy of the NAF panel's April 6, 2012 decision is attached hereto as <u>Exhibit G</u>.

40.     In or around August, 2013, Haas learned that Defendants had registered the domain names ***HaasRUs.Com, HaasRUs.Net, HaasRUs.Us*** and ***iHaas247.Com***. Haas sent a cease and desist letter to Defendants on August 5, 2013, a true and correct copy of which is attached hereto as <u>Exhibit H</u>. The domain names were transferred by Defendants to Haas on August 20, 2013.

41.     Defendants registered, as a private registration, the domain names ***VFMachines.Com*** and ***VFVertical.Com*** on January 26, 2012, that are used to sell Haas (and Haas's competitors) machine tools and to solicit used Haas machine tools (and Haas's competitors' machine tools).

42.     Defendants are using "Used Haas CNC Machines" as their company name in a list on Manta.com and Spoke.com. True and correct copies of those lists are attached hereto collectively as <u>Exhibit I</u>. Defendants are also using the "Used Haas CNC Machines" designator on their ***VFMachines.Com*** and ***VFVertical.Com***

websites. A true and correct copy of pages from websites at those domain names are attached hereto collectively as Exhibit J.

43.   For purposes of this Complaint, Haas asserts that the following are to be defined as "Infringing Domain Names" registered by the Defendants and which are the subject of this complaint: ***UsedHaasCNC.Co, UsedHaasCNC.Info, UsedHaasCNC.Net, UsedHaasCNCMachine.Info, UsedHaasCNCMachine.Net, UsedHaasCNCMachines.Co, UsedHaasCNCMachines.Info, UsedHaasCNCMachines.Net,  HaasBuySell.Com, HaasBuySell.Info, HaasBuySell.Net, HaasLathe.Com, HaasMachine.Net, HaasMachineTools.Net, HaasVertical.Com, HaasRUs.Com, HaasRUs.Net, HaasRUs.Us, iHaas247.Com, VFMachines.Com*** and ***VFVertical.***

44.   Unsatisfied with appropriating goodwill through wrongful registration and use of domain names, Defendant Beal wrongfully attempted to register the HAAS trademark under his own name with the Trademark Office. Beal filed to register HERNANDO AUTOMATION APPLICATION SERVICES AKA H-A-A-S. On March 3, 2014, Haas sent a letter to Beal demanding that he abandon the application, and cease and desist from further attempts to deceive the Trademark Office. A true and correct copy of the March 3, 2014 correspondence is attached hereto as Exhibit K. On March 6, 2014, Beal filed a Request for Express Abandonment, a true and correct copy of which is attached as Exhibit L.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT UNDER 15 U.S.C. §1125(d)

45.   Haas repeats, realleges, and incorporates by reference, as though fully set forth herein, the allegations contained in all prior and subsequent paragraphs.

46.   Defendants registered the Infringing Domain Names through a number of different domain registrars and some were "privately registered" to hide the identity of Defendants. Attached hereto collectively as Exhibit M are reports

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1  from the GoDaddy Whois database, and the DomainTools.com Whois archive
2  identifying the registration date, registrant and contact information for the
3  Infringing Domain Names.

4       47.    Defendants have registered, trafficked in, and/or used the Infringing
5  Domain Names in bad faith and with the intent to profit from Haas's goodwill in
6  the Haas Marks.

7       48.    The Infringing Domain Names are confusingly similar to one or more
8  of the distinctive Haas Marks because they contain the term "Haas" and "VF" in
9  various combinations. The Infringing Domain Names also combine the Haas
10  Marks with generic terms that are used in Haas's machines or are parts for Haas's
11  machines.

12       49.    Defendants registered the Infringing Domain Names years after one or
13  more of the Haas Marks had become distinctive.

14       50.    Defendants' acts in registering the Infringing Domain Names were
15  done willfully and with bad faith intent to profit from the Haas Marks.

16       51.    Defendants have no intellectual property rights in the name "Haas" or
17  "VF" or any priority of use of the name that could be superior to Haas's rights in
18  the Haas Marks. In fact, Haas has successfully filed four (4) UDRP complaints
19  against Defendants and in each decision, Defendants were found to have registered
20  the domain names in bad faith.

21       52.    Haas has suffered and will continue to suffer irreparable injury from
22  Defendant's registration, trafficking in, and/or use of the Infringing Domain
23  Names. Haas is entitled to the relief provided for under the Lanham Act and the
24  Anticybersquatting Consumer Protection Act.

25  **<u>PRAYER FOR RELIEF</u>**

26       WHEREFORE, Haas prays for judgment against Defendants, and each of
27  them, as follows:

28

604044962.6

1.  That Defendants, their affiliates, subsidiaries, officers, directors, employees, and attorneys, and all persons and/or entities acting for, with, by, through, or in concert with them be enjoined preliminarily and permanently from:

(a)  Using the Haas Marks and/or any other designation that is a colorable imitation of and/or is confusingly similar to the Haas Marks, in any medium (retail, wholesale, internet, physical or otherwise) in connection with any product or the manufacture, advertising, distribution, marketing, importation, offering for sale, and/or sale of products neither originating from nor authorized by Haas;

(b)  Representing in any manner, or by any method whatsoever, that Defendants are in any way affiliated with Haas, or that the goods, services, or other products provided by Defendants are sponsored, approved, authorized by, or originate from Haas, or otherwise taking any action likely to cause confusion, mistake or deception as to the origin, approval, sponsorship or certification of such goods or services;

(c)  Unfairly competing with Haas in any manner;

2.  If exceeding Defendants' profits (or treble Defendants' profits if awarded by the Court), for maximum statutory damages of $2,100,000 ($100,000 for each of the Infringing Domain Names) pursuant to 15 U.S.C. §1117(d).

3.  That Defendants be required to deliver up to Haas for destruction any literature, catalogs, signs, advertising material, and the like bearing any of the Haas Marks or any confusingly similar variations thereof.

4.  The Defendants, within thirty (30) days after service of notice of entry of judgment upon them, be required to file with the Court and serve upon Haas's attorneys a written report, under oath, setting forth in detail the manner in which Defendants have complied with paragraphs 1 and 3 above.

5.  For attorneys' fees;

6.  For costs of suit incurred herein; and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

1      7.    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Haas hereby demands a trial by jury on all claims and issues so triable in this action.

Dated:  November 6, 2014       Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Lauren A. Deeb*
       Farah P. Bhatti
       Lauren A. Deeb

Attorneys for Plaintiff Haas Automation, Inc.

604044962.6