MANDOUR & ASSOCIATES, APC
JOSEPH A. MANDOUR, III (SBN 188896)
Email: jmandour@mandourlaw.com
BEN T. LILA (SBN 246808)
Email: blila@mandourlaw.com
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 474-9330
Facsimile: (949) 474-9390

Attorneys for Defendants,
JONATHAN BEAL, MY WANDERING STAR, LLC, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, and VFVERTICAL.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAAS AUTOMATION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN BEAL also known as Jon Beal, an individual, MY WANDERING STAR, LLC, a Delaware limited liability company, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, and VFVERTICAL.COM, and Does 1-10 inclusive,<br><br>Defendants. | Civil Case No. 14 CV 08631-CAS-SH<br><br>**DEFENDANTS' ANSWER TO THE COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 12 and 38 of the Federal Rules of Civil Procedure, defendants JONATHAN BEAL, MY WANDERING STAR, LLC, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, and VFVERTICAL.COM, collectively referred to hereinafter as "defendants," by and through counsel, hereby respond to the complaint of plaintiff Haas Automation, Inc. and demand a jury trial as follows:

## JURISDICTION AND VENUE

1. Defendants admit that plaintiff purports to bring an action under the Lanham Act, but deny plaintiff is entitled to any relief.

2. Defendants allege that the statements contained in Paragraph 2 of the Complaint are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

3. Defendants allege that the statements contained in Paragraph 3 of the Complaint are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

4. Defendants allege that the statements contained in Paragraph 4 of the Complaint are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

## PARTIES

5. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies said allegations.

6. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies said allegations.

7. Defendant Jonathan Beal admits he resides in Wachee, FL and denies he is doing business in California.

8. Defendant My Wandering Star, LLC admits it resides in Wachee, FL and denies it is doing business in California.

9. Admitted.

10. Defendant admits Machine Tools 24-7 is a dba of My Wandering Star, LLC and denies it is doing business in California.

11. Defendant admits Used Haas CNC Machines is text on a website of

My Wandering Star, LLC and denies it is doing business in California.

12. Defendant admits VFMachines.com is an unregistered dba of My Wandering Star, LLC and denies it is doing business in California.

13. Defendant admits VFVertical.com is an unregistered dba of My Wandering Star, LLC and denies it is doing business in California.

14. Denied.

## GENERAL ALLEGATIONS

15. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and on that basis denies said allegations.

16. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, and on that basis denies said allegations.

17. Defendants allege that the statements contained in Paragraph 17 of the Complaint are conclusions of law to which no response is necessary. To the extent said allegations are factual in nature, defendants deny the allegations.

18. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies said allegations.

19. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, and on that basis denies said allegations.

20. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, and on that basis denies said allegations.

21. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and on that

basis denies said allegations.

22. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies said allegations.

23. Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint, and on that basis denies said allegations.

24. Defendants admit Haas' February 24, 2009 letter speaks for itself and that it did not respond.

25. Defendants admit Haas' March 13, 2009 letter speaks for itself and admits it did not transfer HaasMachines.net.

26. Defendants deny the UDRP was filed against all defendants.

27. Defendants admit My Wandering Star, LLC's UDRP response dated February 10, 2010 speaks for itself.

28. Defendants admit Exhibit A speaks for itself.

29. Defendants deny all defendants registered UsedHaasMachines.com.

30. Defendants admit My Wandering Star, LLC's UDRP response dated September 27, 2011 speaks for itself.

31. Denied.

32. Defendants admit Exhibit B speaks for itself.

33. Defendants deny the domain names infringe any right of plaintiff. Defendants admit Exhibit C speaks for itself.

34. Defendants admit Exhibit D and Exhibit E speak for themselves.

35. Defendants admit Haas' February 9, 2012 letter speaks for itself.

36. Defendants admit Exhibit F speaks for itself.

37. Defendants admit Exhibit F speaks for itself.

38. Admitted.

39. Defendants admit Exhibit G speaks for itself.

40. Defendants admit Exhibit H speaks for itself.

41. Denied.

42. Defendants admit Exhibit I and Exhibit J speak for themselves.

43. Defendants deny any claim of infringement by plaintiff.

44. Defendants deny its trademark application was wrongful. Defendants admit Exhibit K and Exhibit L speak for themselves.

## FIRST CLAIM OF RELIEF

45. Defendants restates and re-alleges paragraphs 1-44 as though fully set forth herein.

46. Defendants admit Exhibit M speaks for itself.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Estoppel and Laches

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, the doctrine of estoppel and other equitable defenses.

### Second Affirmative Defense: Unclean Hands

The purported claims alleged in the complaint are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense: Waiver/Acquiescence

The purported claims alleged in the complaint are barred, in whole or in part, because plaintiff, by its acts, omissions and delay, and those of its agents, waived or acquiesced to any claims or causes of action against defendants.

Civil Case No. 14 CV 08631-CAS-SH
DEFENDANTS' ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL
-5-

### Reservation of Additional Defenses

Defendants reserves all affirmative defenses available under Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case, or that may be asserted by plaintiff.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendants requests entry of judgment in their favor and against plaintiff as follows:

    a. Denying all relief sought by plaintiff in the Complaint;

    b. Declaring the action to be exceptional and awarding defendants their attorneys' fees pursuant to 15 U.S.C. § 1117 or other related law;

Dated: December 29, 2014    **MANDOUR & ASSOCIATES, APC**

    /s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendants,
JONATHAN BEAL, MY WANDERING STAR, LLC, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, AND VFVERTICAL.COM,

## JURY DEMAND

Defendants demand trial by jury of all issues so triable.

Respectfully submitted,

Dated: December 29, 2014    **MANDOUR & ASSOCIATES, APC**

/s/ Ben T. Lila
Ben T. Lila (SBN 246808)
Email: blila@mandourlaw.com
Attorneys for Defendants,
JONATHAN BEAL, MY WANDERING STAR, LLC, MACHINE TOOLS 24-7, USED HAAS CNC MACHINES, VFMACHINES.COM, AND VFVERTICAL.COM,

# CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I electronically filed the foregoing DEFENDANT'S ANSWER TO THE COMPLAINT; DEMAND FOR JURY TRIAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Farah P. Bhatti (SBN 218633)
Lauren A. Deeb (SBN 234143)
BAKER & HOSTETLER LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221
Telephone: 714.754.6600
Facsimile: 714.754.6611
Email: fbhatti@bakerlaw.com
Email: ldeeb@bakerlaw.com
Attorneys for Plaintiff, HAAS AUTOMATION, INC.

By:   /s/ Ben T. Lila
Ben T. Lila
Email: blila@mandourlaw.com